# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Mag. No. 21-9409 |
| v. | : Hon. Cathy L. Waldor |
| ALBERTO GARZA, and EVERARDO RODRIGUEZ JR. | : **CRIMINAL COMPLAINT** |

I, Iveliana Diaz-Calderon, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Drug Enforcement Administration, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_by phone_
Iveliana Diaz-Calderon, Special Agent
U.S. Drug Enforcement Administration

SA Diaz-Calderon attested to this Complaint
by telephone pursuant to FRCP 4.1(b)(2)(A),
on August 4, 2021 in the District of New Jersey

HONORABLE CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE          Signature of Judicial Officer

## **ATTACHMENT A**

On or about August 2, 2021, in Burlington County, in the District of New Jersey and elsewhere, defendants,

ALBERTO GARZA
EVERARDO RODRIGUEZ JR.,

did knowingly and intentionally conspire and agree with each other and others to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

In violation of Title 21, United States Code, Section 846.

**ATTACHMENT B**

I, Iveliana Diaz-Calderon, am a Special Agent with the United States Drug Enforcement Administration ("DEA"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about August 2, 2021, defendant Alberto Garza ("Garza") arranged to sell fifteen (15) kilograms of fentanyl to a person who unbeknownst to Garza was working with law enforcement ("Individual 1"). In particular, Garza directed Individual 1 to meet him (Garza) at a location in Bordentown, New Jersey.

2. Based on the above, Individual 1 and Garza meet at the location in Bordentown. Specifically, at approximately 2:40 p.m., Garza entered Individual 1's vehicle and discussed the sale of approximately kilograms of fentanyl. Garza then directed Individual 1 to follow him (Garza) to his vehicle to inspect the fentanyl. During this interaction, Individual 1 observed Garza call another individual, who was later identified as defendant Everardo Rodriguez, Jr. ("Rodriguez") and heard Garza state, in sum and substance, "get it ready."

3. Shortly thereafter, Garza entered the passenger side of a cabin of a parked tractor trailer. Rodriguez was sitting in the driver side of the cabin, and Garza then removed approximately one kilogram of suspected fentanyl from the area between the passenger seat and the center console of the cabin. Garza handed Individual 1 the kilogram of fentanyl and asked Individual 1 to contact him if Individual 1 wanted to proceed with the sale. Individual 1 then left the area while Garza and Rodriguez remained in the parked tractor-trailer.

4. Approximately thirty minutes later, law enforcement approached the tractor trailer in the area of 402 Rising Sun Square Road in Bordentown, New Jersey. Law enforcement then conducted a lawful search of the cabin of the tractor trailer and located approximately thirteen (13) kilograms of suspected fentanyl located within a duffle bag inside a secret compartment, or trap, beneath the lower bunkbed in the cabin along with four (4) vacuum sealed plastic bags filled with an unknown amount of United States Currency ("USC") in various denominations. Law enforcement further observed seventeen (17) kilograms of suspected fentanyl located underneath the duffle bag inside of the secret compartment.

5. In total law enforcement recovered approximately thirty (30) kilograms of suspected fentanyl from the cabin of the tractor trailer.

6. Law enforcement subsequently field tested the kilograms recovered from the cabin and they tested positive for the presence of fentanyl.